NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0745n.06

Nos. 10-5419, 10-5808

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 02, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                    )
                                             )
    Plaintiff-Appellee,                      )
                                             )
                                             ) ON APPEALS FROM THE
v.                                           ) UNITED STATES DISTRICT
                                             ) COURT FOR THE EASTERN
JUAN J. CERVANTES-CORONADO, (10-5419)        ) DISTRICT OF TENNESSEE
ISMAEL ARREGUIN DE LA TORRE, (10-5808)       )
                                             )
    Defendants-Appellants.                   )
                                             )

Before: MARTIN, MOORE, and COOK, Circuit Judges

COOK, Circuit Judge. In these consolidated appeals, Juan Jose Cervantes-Coronado and

Ismael Arreguin De La Torre, Defendants-Appellants, challenge the sufficiency of the evidence for

their drug conspiracy convictions. The panel unanimously agrees that oral argument is not needed.

Fed. R. App. P. 34(a). Because we find the evidence sufficient to sustain the convictions, we affirm

the district court's judgment as to both Appellants.

I.

These cases arise from a multi-month drug-trafficking investigation that began with the 2005

seizure of a large shipment of marijuana in Johnson City, Tennessee. After the seizure, federal

agents learned that individuals involved with the marijuana ring also planned to distribute

large quantities of methamphetamine in Tennessee and North Carolina. In late 2008, a federal grand jury returned a superseding indictment charging Cervantes-Coronado and De La Torre with conspiracy to distribute and possess with the intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Following separate trials, juries convicted Cervantes-Coronado of the offense charged and De La Torre of the lesser included offense of conspiracy to distribute and possess with the intent to distribute five grams or more of methamphetamine.

The government's case against Cervantes-Coronado centered on events that occurred on July 31 and August 1, 2007. During that time, Cervantes-Coronado and a female companion traveled from Alabama to Texas and finally on to Asheville, North Carolina, where Cervantes-Coronado rented a hotel room at a Crowne Plaza on the evening of August 1. Cervantes-Coronado paid for the room, number 261, with his unemployment debit card and listed his home address on the hotel registration form. Co-Defendant drug purchasers Jackie and Tony Trivette (brothers) received instructions from their unidentified methamphetamine supplier that they could pick up a shipment of methamphetamine at the Crowne Plaza. Testifying for the government, Tony Trivette stated that he entered an upstairs hotel room on the evening of August 1 and received a three-to-four-pound package of methamphetamine from a Hispanic female. The exchange occurred in the presence of a Hispanic male, who lay on the hotel room bed. Intercepted phone calls showed that the drug supplier directed the Trivettes to room 261, and surveillance evidence linked the transaction with that room. The government also presented evidence that the Trivettes' methamphetamine

supplier had at least five calls (either outgoing or incoming) with a cell phone frequently used by Cervantes-Coronado on or about August 1.

Cervantes-Coronado testified on his own behalf at trial, denying the government's assertion that he participated in the August 1 transaction. Although he admitted staying at the Crowne Plaza, he denied witnessing a methamphetamine exchange and instead claimed that his neighbor (the female companion) met with an unidentified man while he was in the bathroom. Appellant recalled that, while in the bathroom, he heard a knock at the hotel room's front door and, upon leaving the bathroom, he observed a man exiting the hotel. Cervantes-Coronado stated that he made the trip with his neighbor for social purposes and did not know that she intended to deal drugs. Apart from the 2007 transaction, the government presented evidence that Cervantes-Coronado sold methamphetamine to an undercover officer in Alabama in December 2005, and that a confidential informant arranged to buy methamphetamine from Cervantes-Coronado at his residence in February 2009—the same address used on the hotel registration form in 2007. The government also presented evidence from the execution of an arrest warrant against Cervantes-Coronado in 2009, during which agents discovered methamphetamine in Cervantes-Coronado's possession.

During De La Torre's trial, the government focused on a September 25, 2007, drug-money transaction in Johnson City, Tennessee, that began in the parking lot of a Home Depot and ended in a hotel room at a local Ramada Inn. The government presented evidence that De La Torre arrived in Johnson City on September 25 and rented the relevant hotel room at the Ramada Inn. Shortly after

De La Torre checked into the hotel, agents intercepted calls between Tony Trivette and his unidentified methamphetamine supplier, wherein Trivette and the supplier planned a meeting at the Home Depot. Telephone records revealed that, moments before the Home Depot rendezvous, the methamphetamine supplier called the telephone number that De La Torre used for the hotel registration form. Testifying for the government, Jackie Trivette stated that he arrived at the Home Depot parking lot expecting to pay a Hispanic courier in exchange for a package of methamphetamine. Surveillance agents observed De La Torre arrive at the Home Depot parking lot in a Mercedes-Benz vehicle registered in his name and approach Jackie Trivette. Jackie Trivette testified that he attempted to pay a Hispanic male (identified by agents as De La Torre) during the encounter in the Home Depot parking lot, but that the male refused to accept payment, telling Trivette to follow him to a motel room. Jackie Trivette followed De La Torre to his Ramada Inn room and placed a plastic bag containing $5,000 on the dresser while De La Torre and co-Defendant Saturnino Alcaraz watched. A short time later, surveillance agents observed Alcaraz place something in the trunk of De La Torre's Mercedes. Although Jackie Trivette denied receiving methamphetamine on this occasion, he explained that his course of dealing with the unidentified methamphetamine supplier sometimes involved separate payment and delivery transactions.

Both Appellants moved for a judgment of acquittal after the government rested its case, but Cervantes-Coronado failed to renew his motion at the close of evidence. The district court denied both motions.

II.

Both Appellants claim that the government presented insufficient evidence to sustain a guilty verdict on their drug conspiracy charges. We generally review sufficiency-of-the-evidence claims to determine whether "any rational trier of fact could find the elements of the crime beyond a reasonable doubt," and, in doing so, view "the evidence in the light most favorable to the prosecution . . . giving the government the benefit of all inferences that could reasonably be drawn from the testimony." *United States v. M/G Transp. Servs., Inc.*, 173 F.3d 584, 589 (6th Cir. 1999) (emphasis omitted) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Defendants asserting such claims "bear[] a very heavy burden," *United States v. Vannerson*, 786 F.2d 221, 225 (6th Cir. 1986) (internal quotation marks and citation omitted), and an appellate court will only set aside the judgment if, after viewing the record as a whole, it determines that "the judgment is not supported by substantial and competent evidence." *United States v. Blakeney*, 942 F.2d 1001, 1010 (6th Cir. 1991) (citing *United States v. Ellzey*, 874 F.2d 324, 328 (6th Cir. 1989)). We review De La Torre's appeal under this standard. Yet because Cervantes-Coronado failed to preserve his sufficiency claim by renewing the motion for acquittal at the close of evidence, our review of his claim "is limited to determining whether there was a 'manifest miscarriage of justice.'" *United States v. Childs*, 539 F.3d 552, 558 (6th Cir. 2008) (quoting *United States v. Price*, 134 F.3d 340, 350 (6th Cir. 1998)). "Such a miscarriage of justice occurs only if the record is devoid of evidence pointing to guilt." *Id.*; *see also United States v. Street*, 614 F.3d 228, 236 (6th Cir. 2010) (describing the failure to preserve as "nearly fatal" to a sufficiency claim).

A drug conspiracy conviction requires proof of the following elements: (1) an agreement to violate drug laws; (2) knowledge and intent to join the conspiracy; and (3) participation in the conspiracy. *United States v. Martinez*, 430 F.3d 317, 330 (6th Cir. 2005). "[P]roof of a formal agreement is not necessary; 'a tacit or material understanding among the parties' will suffice." *United States v. Avery*, 128 F.3d 966, 970–71 (6th Cir. 1997) (quoting *United States v. Pearce*, 912 F.2d 159, 161 (6th Cir. 1990)). We may infer the existence of a conspiracy from circumstantial evidence, and we can infer a particular defendant's participation in the conspiracy from his conduct. *Martinez*, 430 F.3d at 330 (citations omitted). Once the government has shown the existence of a conspiracy, the defendant's involvement with the conspiracy "need only be slight." *Avery*, 128 F.3d at 971; *see also United States v. Henley*, 360 F.3d 509, 514 (6th Cir. 2004).

## A. Cervantes-Coronado

Cervantes-Coronado argues that the government failed to present any evidence that he knew of the relevant drug conspiracy on or about August 1, 2007. At most, he claims, the government established his presence in the hotel room where the drug transaction took place, but he notes that cases in this circuit have recognized that mere presence with conspirators does not establish participation in the conspiracy. *See, e.g.*, *United States v. Peters*, 15 F.3d 540, 544 (6th Cir. 1994); *Pearce*, 912 F.2d at 162. While the cases cited by Cervantes-Coronado support the legal contention he invokes, we reject his assertion that the government only established his presence at the drug deal.

Far from a passive bystander, the government's evidence showed that (1) Cervantes-Coronado traveled a great distance to come to Asheville, North Carolina, on or about the date of the exchange; (2) he checked into the hotel room on the date of the exchange using his home address for the hotel registration form and his unemployment debit card for payment; (3) he observed the transaction from the hotel room bed; and (4) the cell phone he frequently used during this time period registered at least five calls with the methamphetamine supplier on the date of the exchange. The government also established that the address used on the hotel registration form in 2007 matched the address used by Cervantes-Coronado for a planned methamphetamine transaction in 2009, that he possessed methamphetamine at the time of his 2009 arrest, and that he sold methamphetamine to undercover law enforcement officials in 2005. This evidence readily satisfies the agreement, intent, and participation prerequisites for a conspiracy conviction, *see Martinez*, 430 F.3d at 330, and precludes us from finding the record "devoid of evidence pointing to guilt" as required to show a manifest miscarriage of justice, *see Childs*, 539 F.3d at 558.

We note that in the context of his sufficiency argument Cervantes-Coronado obliquely objects to the district court's admission of evidence that he committed other drug crimes. Cervantes-Coronado concedes, however, that he opened the door for the government's presentation of some of this evidence. Because Cervantes-Coronado's brief does not directly challenge the district court's evidentiary rulings, does not identify the matter in his statement of issues, and treats the issue in a cursory manner without citation to any traditional legal authorities, we deem it forfeited. *See, e.g., United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006) (declining to consider an issue that did

not appear in the statement of issues and received only "perfunctory" treatment in the brief). As a sufficiency argument, Cervantes-Coronado's objection lacks merit because sufficiency analysis entails consideration of *both* proper and improper evidence. *United States v. Lopez-Medina*, 461 F.3d 724, 750 (6th Cir. 2006); *United States v. Quinn*, 901 F.2d 522, 530–31 (6th Cir. 1990).

## B. De La Torre

De la Torre argues that the government's case relies entirely on uncorroborated circumstantial evidence. Specifically, De La Torre challenges four aspects of the government's evidence against him: (1) his testifying co-Defendants did not identify him in court; (2) the government's concession that no exchange took place in the Home Depot parking lot; (3) Jackie Trivette's testimony that the man in the hotel room encounter (purportedly De La Torre) told him that he did not have any methamphetamine; and (4) the fact that the government never searched his Mercedes or hotel room. Ample evidence, however, supported the jury's conclusion that De La Torre intentionally joined and participated in the methamphetamine conspiracy.

The government's evidence placed De La Torre at the scene of the expected drug transaction (the Home Depot parking lot) shortly after his check-in at the hotel and the methamphetamine supplier's call to Tony Trivette that set the meeting place. Jackie Trivette's testimony established that the young man (identified by agents as De La Torre) refused to accept the money in the parking lot, but instead told Jackie to follow him to a hotel. Jackie Trivette left the money on the dresser in De La Torre's hotel room, in De La Torre's presence, and agents later saw co-Defendant Alcaraz

place an object in De La Torre's Mercedes. The government further linked the telephone number that De La Torre used to reserve the hotel room with phone calls made by the methamphetamine supplier within minutes of the Home Depot rendezvous. Neither the circumstantial nature of this evidence nor the lack of corroboration warrants a judgment of acquittal. *See, e.g.*, *United States v. Stewart*, 628 F.3d 246, 255 (6th Cir. 2010) (recognizing that coconspirator's uncorroborated testimony may support conspiracy conviction); *Henley*, 360 F.3d at 514 (noting that "slight" proof can tie a defendant to a conspiracy). This evidence does more than place De La Torre at the scene of a money exchange; it shows him *both* arriving at a pre-ordained location for a drug transaction *and* providing instructions for the Trivettes to make payment in a secure location. It also permits the reasonable inference that De La Torre coordinated the Home Depot meeting with the methamphetamine supplier.

Considering this evidence in the light most favorable to the government and drawing all reasonable inferences in the government's favor, we conclude that a rational factfinder could find beyond a reasonable doubt that De La Torre committed the drug conspiracy offense.

III.

For these reasons, we AFFIRM the district court's judgment as to both convictions.